Martin, J.
delivered the opinion of the court.* The plaintiff stated herself to be the owner of a negro, according to a bill of sale annexed to the petition, whom the defendant unlawfully detains.
The defendant pleaded the general issue, and set up a title to the slave.
There was judgment for the plaintiff, and the defendant appealed.
*244 East’n District.
April, 1822.
At the trial, the plaintiff offered in evidence a notarial sale of the slave, from Laconture to L’Egiise, dated Dec. 7, 1807, and a certified copy of a private act of sale from L’Eglise to herself, dated Jan. 4, 1808, acknowleged before the judge of the parish of Avoyelles, on the 17th of May following.
To the reading of this certified copy, the defendant's counsel objected, but his objection was over-ruled, whereupon he took a bill of exceptions.
It seems to us the parish judge erred. The act of sale from L’Eglise to the plaintiff was a private one, and when she recorded it in the office of the parish judge of Avoyelles, as she would have done in other parishes in the office of a notary public. She did not alter its character, tho’ she gave it effect against third persons. It became a registered, or a recorded act, Avithout becoming a record, Avhich proves itself — without ceasing to be a private act.
It is true the act Avas acknovvleged by L’Eglise before the parish judge of Avoyelles, Avho has certified his acknowlegment. But this acknowlegment is not subscribed by L’Eglise, nor was the judge who received it^ *245 attended at the time by any witness. This . . 111 act of acknowlegment, not being clothed with the signature of the vendor, nor of any witness, and containing no mention of his inability to sign, cannot be considered as a notarial act, and we do not know any law au-thorising a parish judge as such, to receive the acknowlegment of a grantor.
Ripley for plaintiff, Seghers for defendant.
We conclude, the court a quo erred in admitting in evidence the copy of a private act, while there was no evidence of the genuineness of the original.
There w'ere other objections taken to the act of sale, and as to its effects; but as these were grounded on and supported by quotations of the Civil Code, which was approved by the governor on the 31st of March, 1808, while L’Eglise’s sale is of the 4th of January preceding, we think the judgment ought to be reversed, and the case remanded with directions to the judge, not to admit the copy certified by the judge of the parish of Avoyelles, as an authentic act, and that the costs of this appeal be borne by the plaintiff and appellee.

 Porter, J. was absent during the trial from indisposition.